IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,          :
      Plaintiff
                             :

      vs.                          :   CRIMINAL NO.  1:CR-03-294

                             :

DARIN L. HEDGEPETH,
      Defendant                    :


M E M O R A N D U M

I.    Introduction

        Defendant Darin Hedgepeth, an inmate at Federal
Correctional Institution - Allenwood, has filed a motion pursuant
to 28 U.S.C. § 2255 (doc. 105) as well as a motion to receive,
free of charge, a copy of transcripts and motions from his
criminal proceedings (doc. 106).  We will dismiss one of the
claims in his § 2255 motion and deny the motion to receive copies
of the trial transcripts and defense motions free of charge.  We
will, however, permit Hedgepeth to purchase copies of the trial
transcripts and other in-court proceedings at a reduced cost.
Finally, Hedgepeth will have forty days to obtain the documents
from the Clerk's office and file an amended § 2255 motion limited
to his ineffectiveness-of-counsel claim.


II.   Background

        In October 2003, Hedgepeth was indicted on
counterfeiting and firearms charges.  After three superseding

indictments, a jury convicted Hedgepeth of possession of a firearm

by a convicted felon in violation of 18 U.S.C. § 922(g)(1),

possession of crack cocaine in violation of 21 U.S.C. § 844, and

possession of crack cocaine while on pre-trial release in

violation of 21 U.S.C. § 844 and 18 U.S.C. § 3147.  Hedgepeth was

sentenced to 115 months' imprisonment.  The Court of Appeals

affirmed his conviction.  *United States v. Hedgepeth*, 434 F.3d 609

(3d Cir. 2006).

Prior to filing his § 2255 motion, Hedgepeth sent a

letter to the Clerk of Court seeking a copy of his trial

transcript and filed an application to proceed without prepayment

of fees. (docs. 102, 103).  The Clerk informed Hedgepeth that his

case was closed and that he could petition to receive the

documents free of charge if he filed a habeas corpus petition.

(doc. 103).  Hedgepeth then filed a § 2255 motion (doc. 105) and

an application to proceed without prepayment of fees (doc. 106).

Hedgepeth's § 2255 motion claims that the Court failed

to appoint substitute counsel prior to trial and that he received

ineffective assistance of counsel.  (doc. 105, p. 5).  According

to Hedgepeth, the Court did not substitute counsel despite his

"conflicted interest" with appointed counsel as well as their

irreconcilable differences and breakdown in communication. *Id.* at

10.  Hedgepeth's ineffective-assistance-of-counsel claim alleges

that his appointed counsel failed to properly investigate and

prepare the case for trial and, at trial, counsel failed to engage

2

in adversarial testing of the Government's witnesses.  *Id.* at 12.
Hedgepeth claims these purported deficiencies were prejudicial
because they "[d]eprived the jury the opportunity to fairly and
fully assess the accuracy of testimony and evidence damaging to
Defendant, while breaching Defendant of opportunity to properly
defend himself."  *Id.* at 13.[1]


III.  <u>Discussion</u>

    *A.  Substitution of Appointed Counsel*

       The decision to substitute counsel on the basis of a
defendant's dissatisfaction with appointed counsel is within the
sound discretion of the court.  *United States v. Gallop*, 838 F.2d
105, 108 (4th Cir. 1988).  In seeking substitute counsel, a
defendant must show "good cause" for his dissatisfaction with
current counsel.  *United States v. Goldberg*, 67 F.3d 1092, 1098
(3d Cir. 1995).  The Third Circuit defines good cause "as a
conflict of interest, a complete breakdown of communication, or an
irreconcilable conflict with the attorney."  *Id*.  The district

---

    [1]  Hedgepeth's failure to raise his ineffective assistance
of counsel claim on direct appeal does not bar him from
asserting it for the first time in a § 2255 motion.  *Massaro v.
United States*, 538 U.S. 500, 509, 123 S.Ct. 1390, 155 L.Ed.2d
714 (2003).  Similarly, while Hedgepeth did not raise the
substitution-of-counsel claim on direct appeal (when he had the
same court-appointed attorney), we will not bar him from doing
so in his § 2255 motion based on the reasoning supporting the
Supreme Court's holding in *Massaro*.

court must be aware of the reasons underlying the defendant's request and determine whether good cause exists.  *Id.*

We reject Hedgepeth's claim because we conclude that he failed to show "good cause" for substitution of counsel.  Despite the allegation of a conflict of interest, as well as his reference to cases discussing potential problems created by an appointed counsel's conflict of interest, Hedgepeth's § 2255 motion fails to provide any factual support for his claim.  Additionally, Hedgepeth's written motion seeking new counsel and his statements at an April 26, 2004, hearing show that he made no mention of any circumstances under which a conflict of interest could exist.  Instead, the allegations in Hedgepeth's motion focus on appointed counsel's investigation and preparation for trial.  Therefore, we reject Hedgepeth's bare allegation of a conflict of interest as a basis for his substitution of counsel claim.

Hedgepeth's allegations of irreconcilable differences and a breakdown of communication with counsel also fail to show good cause for substitution of counsel.  Hedgepeth detailed his reasons for seeking substitute counsel in an April 22, 2004, motion, claiming that appointed counsel (1) "failed to file for evidence that would help my defense," (2) "flatly refus[ed] to investigate any of my request [sic] stating 'I'm your lawyer – its [sic] gonna be done my way!,'" and (3) "has been completely innefective [sic] by means of lack of investigative effort and or commitment."

Four days later, the Court addressed Hedgepeth's motion during a bail revocation and continuance hearing.  During that hearing, the Court denied Hedgepeth's motion and explained "that it's not usual for the Court to entertain these kinds of complaints in the midst of an ongoing representation."  (doc. 108, p. 6).  Later, the Court, in speaking with appointed counsel, stated: "[T]he usual situation is for you to file a motion if you don't think you can adequately represent [Hedgepeth] or if there's an irreconcilable conflict that's developed.  Just the fact that he doesn't want to follow your advice isn't enough."  *Id.* at 8.  Appointed counsel responded: "I would agree with that, Your Honor. I think that's the state we're at.  I do not think we're at a state where there is an irreconcilable conflict."  *Id.* at 8-9.

We conclude that Hedgepeth's April 22, 2004, motion, as well as the exchange at the subsequent hearing did not show a complete breakdown of communication or an irreconcilable difference sufficient to support a finding of good cause to substitute counsel.  While Hedgepeth's written motion showed his displeasure with counsel's investigation and preparation for trial, disagreement regarding legal strategy does not show good cause for substitution.  *United States v. Gibbs*, 190 F.3d 188, 207 n.10 (3d Cir. 1999) (citations omitted).  Additionally, counsel's statement that an irreconcilable conflict did not yet exist, combined with his continued representation of Hedgepeth, undermines the claim that there was a breakdown in communication

or an irreconcilable difference.  Without a conflict of interest,
a complete breakdown of communication, or irreconcilable
differences, we find no good cause to have substituted Hedgepeth's
appointed counsel.  Therefore, we will dismiss this claim.

> B.   *Motion for Transcripts and Defense
> Motions at the Government's Expense*

Hedgepeth has also filed a motion to receive transcripts
and defense motions at the government's expense.  Because we
conclude that Hedgepeth can afford to pay part of the cost of
securing the transcripts, we will deny his motion to receive them
free of charge but allow him to purchase them at a reduced cost of
$0.10 per page.  Additionally, we will deny Hedgepeth's motion to
receive the defense motions free of charge as they are not
relevant to his ineffective-assistance-of-counsel claim.

### 1.  Transcripts

28 U.S.C. § 753(f) sets forth the criteria for obtaining
transcripts at the government's expense in § 2255 motions.
Section 753(f) provides, in relevant part:

> Fees for transcripts furnished in proceedings
> brought under section 2255 of this title to
> persons permitted to sue or appeal in forma
> pauperis shall be paid by the United States
> out of money appropriated for that purpose if
> the trial judge or a circuit judge certifies
> that the suit or appeal is not frivolous and
> that the transcript is needed to decide the
> issue presented by the suit or appeal.[2]

---

[2]   As evident in § 753(f), an indigent prisoner is not
entitled to receive a free transcript in order to prepare a
§ 2255 motion.  The Supreme Court, in a plurality decision,

A litigant who cannot pay a particular cost, such as the fees associated with securing transcripts, may be permitted to obtain them at the government's expense.  To do so, the court must grant the litigant partial in forma pauperis status.  *Walker v. People Express Airlines*, 886 F.2d 598, 600-01 (3d Cir. 1989).[3]  By allowing a litigant to secure transcripts at the government's expense, the litigant is not "forc[ed] . . . to abandon what may be a meritorious claim in order to spare himself complete destitution."  *Id.* at 601 (quoting *Jones v. Zimmerman*, 752 F.2d 76 (3d Cir. 1985)).  In making a partial in forma pauperis determination, a court must weigh the litigant's ability to pay the particular cost against the magnitude of the proposed expenditure.  *Id*.  Thus in *Walker,* the court examined the litigant's financial status and balanced it against the expected cost of the trial transcript, emphasizing that courts should be rigorous in conducting their examination "to ensure that the treasury is not unduly imposed upon."  *Id.* at 601-02.

In support of Hedgepeth's motion to receive free documents he has submitted an Application to Proceed Without Prepayment of Fees and Affidavit.  (doc. 106).  The records

---

has concluded that a habeas petitioner's right to receive a free transcript is not "a necessary concomitant" of the writ of habeas corpus.  *United States v. MacCullom*, 426 U.S. 317, 322-23 (1975).

[3]  *Walker* was in the context of a party's appeal of a § 1983 claim; however, § 753(f) governs applications for a free transcript in criminal, habeas, § 2255 and "other" proceedings.  *Walker*, 886 F.2d at 601.

included show that Hedgepeth has $88.40 on account at FCI-

Allenwood and his job pays him $5.00 per month.  *Id.* at 2.  The

prison has also certified that Hedgepeth's average balance was

$244.25 over the past six months and $120.22 in the past thirty

days.[4]  *Id*.  Finally, the prison records show that a total of

$244.25 was deposited in Hedgepeth's account in the six months

before the certification.  *Id*.

By comparison, we estimate that the cost of obtaining a

copy of the trial transcript is $88.  The per-page copying cost of

a transcript is $0.50, and Hedgepeth's trial transcript is 176

pages.  *See* Fee Schedule, http://www.pamd.uscourts.gov/fees.htm.

After comparing the financial records supplied by

Hedgepeth with the estimated cost of purchasing the relevant

transcripts, we will deny Hedgepeth's motion to receive the

transcripts free of charge.  Hedgepeth may, however, purchase

copies of the desired documents at a reduced cost of $0.10 per

page.  At this rate, the cost of obtaining the trial transcripts

would be approximately $17.60.  Based on our review of Hedgepeth's

Application to Proceed Without Prepayment of Fees and Affidavit

(doc. 106) we find that the cost of obtaining the requested

documents at $0.10 per page is not beyond his means.

Additionally, we find that this amount strikes the proper balance

---

[4]  We note that while the Case Manager's certification
lists Hedgepeth's average balance over six months as $244.25, a
copy of another document contained in Hedgepeth's application
lists his "National 6 Months Avg Daily Balance" as $76.22.
(doc. 106, p. 3).

between providing documents necessary for Hedgepeth's claim and "ensur[ing] that the treasury is not unduly imposed upon." *Walker*, 886 F.2d at 601.

Pursuant to § 753(f), we must also certify that the suit is not frivolous and that a transcript is required to decide the particular issue.  "[Section] 753(f) does not require that a § 2255 plaintiff must prove his claim in order to obtain a transcript, but only that he convince the district court that such claim is not frivolous."  *United States v. MacCullom*, 426 U.S. 317, 326, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976) (plurality). Hedgepeth provided factual assertions regarding appointed counsel's alleged deficient performance at trial, specifically whether counsel engaged in adversary testing of the Government's witnesses.  We conclude that these allegations are sufficient to present a non-frivolous claim.

Finally, a transcript is only necessary in Hedgepeth's ineffectiveness of counsel claim to decide the allegations pertaining to appointed counsel's performance at trial.  The other allegations in Hedgepeth's ineffective assistance claim do not require a transcript or copies of the defense motions.  These allegations, which include appointed counsel's purported failure to "obtain legally relevant facts," "pursue obvious leads provided by his Client," and "interview key witnesses," concern actions which occurred outside of the trial proceedings.  Hedgepeth may,

however, choose to more fully detail these allegations in an
amended § 2255, pursuant to the accompanying Order.

### 2.  Defense Motions

Hedgepeth also requests a free copy of each motion that
he filed in his criminal proceedings.  With respect to these
documents, 28 U.S.C. § 2250 provides:

> If on any application for a writ of habeas
> corpus an order has been made permitting the
> petitioner to prosecute the application in
> forma pauperis, the clerk of any court of the
> United States shall furnish the petitioner
> without cost certified copies of such
> documents or parts of the record on file in
> his office as may be required by order of the
> judge before whom the application is pending.

Based on our disposition of Hedgepeth's substitution-of-
counsel claim and the allegations in his ineffective-assistance-
of-counsel claim, we conclude that it is unnecessary to furnish
the requested defense motions at the government's expense.  The
allegations in Hedgepeth's ineffective assistance of counsel claim
will require reference to the transcripts of in-court proceedings,
not a copy of each motion filed.  As these documents are not
relevant to Hedgepeth's remaining claims, he may not receive them
free of charge or at a reduced cost.  Of course, Hedgepeth may
still purchase the documents at the $0.50 per page cost set by the
Middle District of Pennsylvania.

                                    /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge
Date: December 28, 2006

10

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,          :
     Plaintiff

                             :

     vs.                          :   CRIMINAL NO.  1:CR-03-294

                             :

DARIN L. HEDGEPETH,
     Defendant            :

O R D E R

AND NOW, this 28th day of December, 2006, upon consideration of Defendant Darin Hedgepeth's Application to Proceed Without Prepayment of Fees (doc. 106) and motion pursuant to 28 U.S.C. § 2255 (doc. 105), and based on the accompanying memorandum, it is ordered that:

    1.   Defendant's substitution of counsel claim is dismissed;

    2.   Defendant's Application to Proceed Without Prepayment of Fees is denied;

    3.   Defendant may purchase copies of the transcripts of in-court proceedings at $0.10 per page;

    4.   Defendant has forty (40) days from entry of this order to purchase copies of documents as indicated in this order, and to file an amended § 2255 motion;

    5.   Defendant's amended § 2255 shall be limited to his ineffective assistance of counsel claim.

     6.  In the event no amended claim is filed, the case will proceed on the petition now pending.


        /s/William W. Caldwell
        William W. Caldwell
        United States District Judge