IN THE UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,          :
         Plaintiff
                                   :

         vs.                       :   CRIMINAL NO.  1:CR-03-294
                                       CIVIL NO.     1:CV-06-1967
                                   :
DARIN L. HEDGEPETH,
         Defendant                 :


                         M E M O R A N D U M

I.   Introduction

         We are considering the motion, filed pursuant to 28

U.S.C. § 2255, of Defendant Darin L. Hedgepeth, an inmate at

Federal Correctional Institution - Allenwood.  (doc. 105).

Hedgepeth claims that he received ineffective assistance of

counsel in violation of his Sixth Amendment rights.  Because the

record conclusively contradicts Hedgepeth's claim, we will deny

his motion.


II.  Background

         In October 2003, Hedgepeth was indicted on

counterfeiting, drugs, and firearms charges.  After three

superseding indictments, a jury convicted Hedgepeth of

possession of a firearm by a convicted felon in violation of 18

U.S.C. § 922(g)(1), possession of crack cocaine in violation of

21 U.S.C. § 844, and possession of crack cocaine while on pre-

trial release in violation of 21 U.S.C. § 844 and 18 U.S.C.

§ 3147.  Hedgepeth was acquitted on one of the firearms charges
and the jury did not reach a verdict on the counterfeiting
charge.  (doc. 85).  Hedgepeth was sentenced to 115 months'
imprisonment.  *Id*.  The Court of Appeals affirmed his
conviction.  *United States v. Hedgepeth*, 434 F.3d 609 (3d Cir.
2006).

On October 5, 2006, Hedgepeth filed a § 2255 motion,
an application to proceed without prepayment of fees, and a
motion to receive, free of charge, trial transcripts and copies
of defense motions.  (docs. 105, 106).  The motion claimed that
we should have appointed substitute counsel prior to trial and
that Hedgepeth received ineffective assistance of counsel.
(doc. 105, p. 5).  Upon initial review, on December 28, 2006, we
dismissed the substitution of counsel claim.  (doc. 110).  We
also denied the motion to receive the transcripts and other
documents free of charge; however, we permitted Hedgepeth to
purchase trial transcripts at a significantly reduced cost and
allowed him forty days to file an amended § 2255 petition,
limited to the ineffective assistance of counsel claim.  *Id*.  An
amended claim was not filed.

As originally stated, the ineffective assistance claim
alleged: "Counsel failed to obtain legally relevant facts from
Client; failed to pursue obvious leads provided by his Client;
failed to garner corroberating [sic] evidence for defense;
failed to interview or attempt to interview key witnesses or
examine affidavits and proceeded to trail [sic] even though he

2

was patently unprepared." (doc. 105, p. 12).  The

ineffectiveness claim also contended that appointed counsel

failed to engage in adversarial testing of the government's

witnesses.  *Id*.  After reviewing the motion, we allowed him

another thirty days to provide additional detail regarding his

claims.  (doc. 111).  Our Order directed Hedgepeth to provide

factual support for: (1) the "legally relevant facts" which

appointed counsel failed to obtain, (2) the "obvious leads"

Defendant provided to counsel, (3) the potentially corroborating

evidence which Defendant's appointed counsel could have

obtained, (4) the "key witnesses" who appointed counsel could

have interviewed, (5) the information "key witnesses" could have

provided and how it would have benefitted Hedgepeth's case, and

(6) the specific acts or omissions demonstrating that appointed

counsel was "patently unprepared" for trial.  *Id*.

        In response, Hedgepeth filed a supplemental brief

which added little detail to his § 2255 motion.  (docs. 112).

Based on the supplemental brief, the claims largely stem from

appointed counsel's alleged failure to pursue information

provided by Hedgepeth regarding eyewitnesses at the scene of his

arrest.  According to Hedgepeth, neighbors and others on the

street witnessed his arrest and observed the police planting a

white trash bag, found to contain incriminating evidence, in

Hedgepeth's vehicle.  (doc. 112, p. 2).  Hedgepeth claims that

"[t]he testimony of these witnesses coupled with contradictory

statements of officer [sic] under oath would have supported

defenses [sic] version of events leading to acquittal." *Id.*


*III. Discussion*

Section 2255 sets forth the standard for evaluating

whether we should conduct an evidentiary hearing for Hedgepeth's

claim, providing:

> Unless the motion and the files and records
> of the case conclusively show that the
> prisoner is entitled to no relief, the court
> shall cause notice thereof to be served upon
> the United States attorney, grant a prompt
> hearing thereon, determine the issues and
> make findings of fact and conclusions of law
> with respect thereto.

The Third Circuit describes our inquiry as follows:

> When a motion is made under 28 U.S.C. § 2255
> the question of whether to order a hearing
> is committed to the sound discretion of the
> district court. In exercising that
> discretion the court must accept the truth
> of the movant's factual allegations unless
> they are clearly frivolous on the basis of
> the existing record.  Further, the court
> must order an evidentiary hearing to
> determine the facts unless the motion and
> files and records of the case show
> conclusively that the movant is not entitled
> to relief.

*United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992) (quoting

*Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)).  We

find no need for an evidentiary hearing because the record

conclusively establishes that Hedgepeth is not entitled to the

relief sought in his § 2255 motion.

In considering a Sixth Amendment ineffective assistance of counsel claim, we apply the two-prong test from *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must show that counsel's performance was objectively unreasonable. *Id.* at 688. "The proper measure of attorney performance" is "reasonableness under prevailing professional norms." *Id.* Counsel's errors must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Second, the defendant must show that counsel's deficient performance prejudiced his defense. *Id.* The defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Finally, "judicial scrutiny of counsel's performance must be highly deferential" and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Lewis v. Mazurkiewicz*, 915 F.2d 106, 111 (3d Cir. 1990) (quoting *Strickland*, 466 U.S. at 689).

> A. *Failure to Investigate or Call Witnesses*
>    *Regarding the Arrest*

Hedgepeth claims that counsel was ineffective by failing to investigate or call witnesses who could show that the police planted a white bag with incriminating evidence in his vehicle. In evaluating an ineffective assistance of counsel claim based on counsel's pretrial investigation, the *Strickland*

Court explained that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.  In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."  466 U.S. at 690-91.  Defense counsel may rely on information supplied by the defendant when considering the nature and scope of pretrial investigation.  *Lewis*, 915 F.2d at 111 (discussing *Strickland*, 466 U.S. at 691).  According to *Strickland*, "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions.  Counsel's actions are usually based, quite properly, on information supplied by the defendant.  In particular, what investigation decisions are reasonable depends critically on such information."  *Id*.

        Here, Hedgepeth's ineffective assistance claim fails because appointed counsel's performance was not objectively unreasonable.  As is clear from the exhibits supporting the government's response to Hedgepeth's § 2255 motion, counsel did not pursue the witnesses or line of defense Hedgepeth now complains of because Hedgepeth never relayed such information to counsel.  The exhibits show that counsel, despite numerous efforts, was never informed of the alleged eyewitnesses who observed the arresting officers plant the bag of incriminating evidence in Hedgepeth's vehicle.  The government has submitted

letters and notes showing that on at least seven occasions,
counsel inquired about potential witnesses for Hedgepeth's
defense. *See* doc. 115, exs. 3-5.  For example, on December 9,
2003, in a letter from counsel to Hedgepeth (doc. 115, ex. 3),
counsel explained:

> In addition to your own testimony in support
> of the motion, you have the right to request
> the Court issue [sic] subpoenas to compel
> defense witnesses to attend the hearing and
> testify.  I am unaware of any such
> witnesses.  However, if you wish to call
> defense witnesses that could provide the
> Court with information in support of your
> motion, you should immediately provide me
> with their names and addresses so that the
> witnesses may be subpoenaed.

Closer to trial, in a letter to Hedgepeth discussing relevant
sentencing guidelines, counsel memorialized a jail conference
with Hedgepeth where he "failed to identify any percipient or
character witnesses in support of [his] defense." (doc. 115,
ex. 4).  Counsel also advised Hedgepeth "that if any defense
witnesses come to mind, you should provide me with their names,
telephone numbers or addresses so that I may interview the
witness prior to trial."[1]  *Id.*

Hedgepeth, on the other hand, fails to detail any
communications with counsel where he informed counsel of
potentially exculpatory eyewitnesses.  In both his § 2255 motion
and the supplemental brief, Hedgepeth does not provide the
names, locations, or potential testimony of witnesses despite

---

[1]  As the government notes, Hedgepeth signed this letter
from counsel indicating that he received it.

our Order (doc. 111) requiring him to provide "factual support" for the witnesses he claims counsel could have interviewed.

While the Third Circuit has held that an ineffective assistance of counsel claim may proceed based on counsel's complete failure to investigate or call witnesses to support a client's defense, *see United States v. Gray*, 878 F.2d 702, 714 (3d Cir. 1989), counsel's failure to discover witnesses on his own is not unreasonable. *See United States v. Ray*, No. Civ. A. 95-1854, 1995 WL 472340, at *3 (E.D. Pa. Aug. 8, 1995). In preparing his client's defense, "trial counsel [is] not bound by an inflexible constitutional command to interview every possible witness." *Lewis*, 915 F.2d at 113. In exercising professional judgment during the course of pretrial investigation, counsel may rely on what his client has told him when deciding whether to interview potential witnesses. *Id*.

Here, as confirmed by counsel's letters and notes from conferences, Hedgepeth did not inform counsel of potential witnesses despite counsel's numerous attempts to secure witnesses on his behalf. Additionally, the conclusory statements in the § 2255 motion and supplemental brief lack specific factual support and are not sufficient to entitle Hedgepeth to habeas relief. *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 (3d Cir. 1991). Further, "bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing." *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987); *Zettlemoyer*, 923 F.2d at 298 n.12. Having failed

to provide support for his allegations, we conclude that counsel's performance in failing to investigate, interview, or call witnesses without any prior information from his client was not objectively unreasonable.

Although we may dismiss Hedgepeth's ineffective assistance of counsel claim for failing to satisfy one of the two *Strickland* prongs, we also conclude that Hedgepeth failed to satisfy the second prong. A defendant must show that there is a reasonable probability that, but for counsel's objectively unreasonable performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. When a defendant claims that counsel's failure to call witnesses resulted in prejudice, "[s]uch a showing may not be based on mere speculation about what the witnesses [counsel] failed to locate might have said." *Gray*, 878 F.2d at 712; *see also Zuppo v. Carroll*, 458 F. Supp.2d 216, 229 (D. Del. 2006) (requiring petitioner to show how the witnesses' testimony would have been favorable and material). Hedgepeth has presented no evidence, by way of affidavit or otherwise, regarding the proposed testimony of the alleged exculpatory witnesses. Therefore, Hedgepeth's claim fails to satisfy the second *Strickland* prong.[2]

---

[2]   The government also contends that Hedgepeth could not have been prejudiced by any failure to introduce contradictory testimony regarding the bag with counterfeit money because that portion of the verdict was in his favor. (doc. 115, p. 6). While Hedgepeth was not convicted of the counterfeiting charge and it was later dismissed, a review of the trial transcripts suggests that the bag Hedgepeth claims was planted contained counterfeit money as well as a firearm for which he was

B.   *Failure to Prepare for Trial and Engage in Adversarial Testing*

Hedgepeth's second claim concerns counsel's preparation for trial and his performance during trial.  The only allegation with respect to counsel's trial preparation is that counsel never discussed the trial or trial strategy with Hedgepeth.  (doc. 112, p. 3).  Hedgepeth, however, has failed to provide any factual support for this claim.  Additionally, the claim is contradicted by the exhibits attached to the government's response and discussed *supra*.  The exhibits, which include correspondence between counsel and Hedgepeth, notes from their meetings, and a memorandum to counsel's case file, show that counsel discussed Hedgepeth's trial and trial strategy in the months leading to trial.  Thus, we conclude that Hedgepeth's claim regarding counsel's trial preparation is conclusively contradicted by the record.

Hedgepeth's allegations concerning counsel's performance at trial also fail.  According to Hedgepeth, counsel did not engage in "meaningful adversarial testing" and "merely paraphras[ed] . . . questions previously asked by prosecution [sic]."  (doc. 112, p. 3).  Additionally, counsel failed to impeach an arresting officer as to whether Hedgepeth was in

---

separately charged and convicted.  *See* doc. 91, pp. 43, 63, 68, 75.  Therefore, we may not find a lack of prejudice solely on the basis of a failure to convict on the counterfeiting charge.

possession of a white bag with incriminating evidence in it when he was arrested.

As noted in *Strickland*, "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  466 U.S. at 689.  There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. (citing *Michel v. Louisiana*, 350 U.S. 91 (1955)).  This is particularly the case with trial strategies such as counsel's decision as to how to conduct cross-examination.  *See United States v. Lilly*, No. Civ. A 04-503, 2006 WL 566499, at *5 (W.D. Pa. Jan. 3, 2006) (citing *Virgin Islands v. Weatherwax*, 77 F.3d 1425, 1433 (3d Cir. 1996)).

Here, Hedgepeth presents general allegations regarding counsel's strategy on cross-examination, none of which overcome the presumption that counsel's performance at trial, which resulted in the government's failure to secure a conviction on two charges, was reasonable.  Hedgepeth's claim that counsel refused to cross-examine an officer regarding an inconsistency between his testimony at a suppression hearing and at trial also lacks merit.  According to Hedgepeth, an arresting officer

testified that he observed Hedgepeth exit his vehicle with a white trash bag containing incriminating evidence even though the same officer had previously testified that Hedgepeth did not have the white bag when he was arrested.  (doc. 112, p. 3). Hedgepeth claims that he was not holding the bag when officers arrested him and that it was later planted in his vehicle.  *Id.* We reject Hedgepeth's claim because the impeachment strategy relied on Hedgepeth's theory that the police planted the bag of incriminating evidence in his vehicle.  As discussed, Hedgepeth has presented no factual support for his claim that he informed counsel of this theory or the witnesses who observed the officers' purported actions.  Consequently, we conclude that counsel's tactical decision not to impeach on this basis was not objectively unreasonable.

     C.  *Certificate of Appealability*

          We will also deny a certificate of appealability on Hedgepeth's claims, based on the above analysis.  However, Hedgepeth is advised that he has the right for thirty (30) days to appeal our order denying his petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the

court of appeals.  *See* Federal Rule of Appellate Procedure 22;

Local Rule of Appellate Procedure 22.1.


                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: June 14, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,            :
        Plaintiff
                                     :

        vs.                          :   CRIMINAL NO.  1:CR-03-294
                                         CIVIL NO.    1:CV-06-1967
                                     :
DARIN L. HEDGEPETH,
        Defendant                    :


O R D E R

        AND NOW, this 14th day of June, 2007, upon

consideration of Defendant's motion pursuant to 28 U.S.C. § 2255

(doc. 105), the supporting brief (doc. 112), and pursuant to the

accompanying Memorandum, it is ordered that:

        1.  Defendant's motion is denied;

        2.  A certificate of appealability is
        denied;

        3.  The Clerk of Court shall close this
        file.


                        /s/William W. Caldwell
                        William W. Caldwell
                        United States District Judge