```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA,       :
      Plaintiff
                               :

      vs.                       :   CRIMINAL NO. 1:CR-03-294

                               :
DARIN L. HEDGEPETH,
      Defendant                 :

*M E M O R A N D U M*

On August 13, 2008, Defendant, Darin Hedgepeth, filed a pro se motion he titled a "Motion to Relate Back Pursuant to Fed. R. Civ. P. Rule 15(c)(1)(B)," in which he seeks to supplement or amend a 28 U.S.C. § 2255 motion he had filed on October 5, 2006. We denied that motion in orders dated December 28, 2006, and June 14, 2007, the latter coming after a hearing. On November 5, 2007, the Third Circuit denied a certificate of appealability.

Defendant cannot invoke Rule 15 in these circumstances. That rule is not applicable after a final judgment has been entered. *Ahmed v. Dragovich*, 297 F.3d 201, 207-08 (3d Cir. 2002). Here, our June 14 order was a final judgment. Hence, Defendant cannot amend his 2255 motion by way of Rule 15. *United States v. Hill*, No. 95-CR-412, 2005 WL 1126952, at *2 (E.D. Pa. May 12, 2005)(Rule 15 does not apply after a 2255 motion has been denied at the trial level and on appeal)(citing *Ahmed*).

In any event, even if Rule 15 applied here, we still could not grant Defendant's motion. He wishes to litigate a new claim that we violated his right to self-representation when we did not give him the option of representing himself.[1] Contrary to Defendant's assertion, this claim does not arise from "a common core of operative facts" with his 2255 claims. *Mayle v. Felix*, 545 U.S. 644, 664, 125 S.Ct. 2562, 2574, 162 L.Ed.2d 582 (2005). It certainly does not arise from a common core of facts based on Defendant's specific assertion that, like his other claims, it arises from his trial proceedings. Id., 125 S.Ct. at 2574.

Despite the label placed on Defendant's motion this is no more than an attempt to file a second or successive § 2255 motion, which requires approval by the Third Circuit Court of Appeals. *See* 28 U.S.C. §§ 2255(h) and 2244(b)(3).

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 3, 2008

---

[1] In his motion, Defendant made a claim that we failed to give him a new attorney despite his irreconcilable conflicts with his trial counsel or, alternatively, that we failed to obtain a waiver of the conflicts.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,    :
    Plaintiff
                                                  :

    vs.                                    :    CRIMINAL NO. 1:CR-03-294

                                                  :

DARIN L. HEDGEPETH,
    Defendant                       :

*O R D E R*

AND NOW, this 3rd day of September, 2008, it is Ordered that Defendant's motion (doc. 126) "to Relate Back Pursuant to Fed. R. Civ. P. Rule 15(c)(1)(B)" is denied.

                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge